DOCKET NO. 537

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FEDERAL BANK & TRUST COMPANY, LTD., SECURITIES LITIGATION

TRANSFER ORDER*

This litigation consists of one action pending in the Northern District of Illinois and one action pending in the District of Oregon. Presently before the Panel are: 1) a motion pursuant to 28 U.S.C. §1407 by three parties named as defendants in the actions (the law firm of Meserve, Mumper & Hughes (Meserve) and two of its partners) for transfer of the Oregon action to the Northern District of Illinois for centralized pretrial proceedings with the action pending there; and 2) a cross-motion under Section 1407 by plaintiffs in the Oregon action to centralize the two actions in the District of Oregon. The only other responding party, an individual defendant in the Oregon action, opposes transfer of the Oregon action.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the District of Oregon will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve the same tax shelter investment program and overlapping class action certification requests. Complex common questions of fact are prevalent. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although neither the District of Oregon nor the Northern District of Illinois could be described as the nexus of this litigation, on balance we are persuaded that the District of Oregon is the appropriate transferee forum. Although the Oregon action was filed in the month following the filing of the Illinois action, a status conference has already been held in the Oregon action, discovery is under way, and the Oregon plaintiffs have filed their motion for class certification. We also note that: 1) neither action names any Illinois or midwestern defendant, while Meserve (a California law firm) is named in both actions and an Oregon resident is a defendant in the Oregon action; and 2) all of the plaintiffs in the Oregon action reside in Oregon,

---

\* Judge Edward S. Northrop took no part in the decision of this matter.

only one of 28 named plaintiffs in the Illinois action resides in Illinois, and a significant number of the named plaintiffs in the Illinois action reside in the Western United States -- five in Idaho, three in California, three in Oregon, and one each in Washington and Utah.

IT IS THEREORE ORDERED THAT, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Illinois be, and the same hereby is, transferred to the District of Oregon and, with the consent of that court, assigned to the Honorable James A. Redden for coordinated or consolidated pretrial proceedings with the action listed on the attached Schedule A and pending there.

FOR THE PANEL:

*[signature: Andrew A. Caffrey]*

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-537 -- In re Federal Bank & Trust Company, Ltd. Securities Litigation</u>

<u>District of Oregon</u>

<u>Edmund Lang, et al. v. Todd Wilder, et al.,
C.A. No. 82-1114</u>

<u>Northern District of Illinois</u>

<u>Verne E. Adams, etc. v. Federal Bank & Trust Co., Ltd., et al.,
C.A. No. 82C4338</u>